# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

United States Courts
Southern District of Texas
**F I L E D**

DEC 1 7 2025

Nathan Ochsner, Clerk of Court

**Stephine Nelson Cruz and Hansel Rodriguez, Plaintiffs,**

**V.**

**City of Rosenberg, Officer Christopher Delgado (Unit 560), Officer John Delgado (#314), Officer L. Andrade (#518), Officer Saul Hernandez (#524), Defendants.**

Civil Action No. [_____].          Date:_____

## I. Jurisdiction and Venue

1. This Court has subject matter jurisdiction over this action pursuant to **28 U.S.C. § 1331** (federal question), as Plaintiffs' claims arise under the Constitution and laws of the United States, including **42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12132.** Jurisdiction is also proper under **28 U.S.C. § 1343** (civil rights enforcement). To the extent any state law claims are asserted, supplemental jurisdiction is proper under **28 U.S.C. § 1367.** In the alternative, jurisdiction may be proper under **28 U.S.C. § 1332** (diversity jurisdiction), as applicable.

2. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, pursuant to **28 U.S.C. § 1391(b),** because a substantial part of the events or omissions giving rise to the claims occurred in Fort Bend County, Texas, which is within this judicial district.

## II. Parties

3. **Plaintiff Stephine Nelson Cruz** is an individual residing in the Bronx, New York, and, at all times relevant to this Complaint, was a resident of Fort Bend County, Texas. She is currently residing at a homeless shelter in the Bronx, New York.

4. **Plaintiff Hansel Rodriguez** is an individual residing in the Bronx, New York, and, at all times relevant to this Complaint, was a resident of Fort Bend County, Texas. He is currently residing at a homeless shelter in the Bronx, New York.

5. **Defendant City of Rosenberg** is a municipal corporation organized under the laws of the State of Texas and may be served through its City Manager or designated agent at 2120 Fourth Street, Rosenberg, Texas 77471.

6. **Defendant Officer Christopher Delgado (#560)**is, on information and belief, a police officer employed by the City of Rosenberg Police Department and is sued in his individual and official capacities. Officer Delgado is identified as the responsible officer who initiated the stop and arrest of Plaintiff Stephine Nelson Cruz.

7. **Defendant Sergeant J.D. Delgado (#314)** is, on information and belief, a police officer employed by the City of Rosenberg Police Department and is sued in his individual and official capacities.

8. **Defendant Officer L. Andrade (#518)** is, on information and belief, a police officer employed by the City of Rosenberg Police Department and is sued in his individual and official capacities.

9. **Defendant Officer S. Hernandez (#524)** is, on information and belief, a police officer employed by the City of Rosenberg Police Department and is sued in his individual and official capacities.

# III. Factual Allegations

10. On June 7, 2022, Plaintiff Stephine Nelson Cruz was traveling in her automobile in Fort Bend County, Texas, when she was subjected to a traffic stop initiated by officers of the Rosenberg Police Department ("RPD") in connection with Case No. 22-28028. Plaintiff was initially unaware that law enforcement was attempting to initiate a stop until officers activated a spotlight directed at her automobile. Upon realizing that the stop pertained to her, Plaintiff immediately complied with all instructions and brought her automobile to a halt (See **Exhibit A, Narrative Incident Report; Exhibit B, Officer Supplements**).

11. Shortly after Plaintiff's compliance, multiple police units arrived at the scene. Four officers, Officer Christopher Delgado (#560), Sergeant J.D. Delgado (#314), Officer L. Andrade (#518), and Officer S. Hernandez (#524), approached Plaintiff's automobile with firearms drawn, loudly announcing that Plaintiff was under arrest and would be taken to jail. At all times during the encounter, Plaintiff remained cooperative, displayed no resistance, and engaged in no aggressive conduct. Despite Plaintiff's compliance, the officers employed aggressive tactics, including the presentation of deadly force, absent any immediate threat or justification (See **Exhibit A, Narrative Incident Report; Exhibit B, Officer Supplements**).

12. The conduct of the officers, including the use of drawn firearms and escalated verbal commands, caused Plaintiff to experience severe psychological distress and an acute mental health crisis at the scene. This psychological harm was overt and apparent to the responding officers, yet no measures were taken to de-escalate the situation or secure prompt medical or psychological intervention. The resulting trauma is documented in the clinical evaluation by Corinn Adams, LCSW (See **Exhibit C-1, Clinical Evaluation**).

13. In his Probable Cause Affidavit, Officer Christopher Delgado stated under oath that Plaintiff was traveling at "almost 70 MPH" during the incident. However, the contemporaneous Computer Aided Dispatch (CAD) call log and radio traffic show that Plaintiff's speed never exceeded 60 MPH, with most readings between 42 and 60 MPH at specific timestamps. This objective evidence directly contradicts Officer Delgado's sworn statement and undermines the credibility of the asserted probable cause for escalation and arrest (See **Exhibit D, CAD Call Log; Exhibit E, Probable Cause Affidavit**).

14. Both the narrative incident report and officer supplements confirm that Plaintiff was unaware she was being stopped until Officer Delgado activated his spotlight. Upon seeing the spotlight, she immediately brought her automobile to a halt, exhibiting confusion and fear as multiple officers approached with firearms drawn (See **Exhibit A, Narrative Incident Report; Exhibit B, Officer Supplements**).

15. According to the official police supplements, including those by Sergeant J.D. Delgado and Officer L. Andrade, Plaintiff "never made an overt attempt to evade police and the driver was to be charged with Eluding rather than Evading Arrest." The officers further noted that "it did not appear that the driver was impaired by any substance or alcohol" (See **Exhibit B, Officer Supplements**).

16. Defendants arrested and jailed Plaintiff for a brief, inadvertent headlight violation, despite her immediate compliance and the absence of any evidence of flight, resistance, or threat to officer safety. The escalation to custodial arrest and incarceration was objectively unreasonable and not justified by the circumstances. In addition, Defendants seized and impounded Plaintiff's personal automobile without probable cause or lawful authority, as the only alleged violation was a minor, non-criminal traffic infraction. The police report completed by Officer S. Hernandez documents the completion of the tow inventory and the impoundment of Plaintiff's personal automobile. Plaintiffs have not yet been able to locate the actual tow company receipt or impound lot paperwork, but are continuing to attempt to obtain these records and will supplement their exhibits if and when such documents become available (See **Exhibit F-1, Tow Inventory**).

17. As a direct and proximate result of the arrest and the officers' failure to provide immediate care or intervention, Plaintiff suffered severe psychological harm, ultimately resulting in a formal diagnosis of Post-Traumatic Stress Disorder (PTSD), Major Depressive Disorder, and Generalized Anxiety Disorder in 2025, as further described in Section IV and supported by the clinical record (See **Exhibit C, Clinical Evaluation and Medical Records**).

18. Plaintiff Stephine Nelson Cruz's memory of the events surrounding her arrest and subsequent proceedings is significantly impaired due to acute psychological trauma. She does not recall being presented with, or signing, any legal documents during or after her arrest, including any waivers, consents, or plea agreements. If any such documents were signed, Plaintiff believes, based on her psychological state and the circumstances of her detention, that her signature was not voluntary, knowing, or intelligent, but was instead the product of coercion, intimidation, and undue pressure by law enforcement and/or legal counsel. This is further addressed in Section IV and supported by the clinical evaluation (See **Exhibit C, Clinical Evaluation and Medical Records**).

19. The actions and omissions of the Defendants, individually and collectively, were unreasonable, excessive, and in violation of Plaintiffs' constitutional and statutory rights. The escalation of force, failure to accommodate Plaintiff's emergent psychological distress, deliberate indifference to her medical needs, and the infliction of additional psychological torment by threatening jail and withholding clarity about her status, form the basis of the claims asserted herein. Plaintiffs continue to suffer the consequences of Defendants' conduct, as described in Section IV.

20. Upon information and belief, the City of Rosenberg failed to adequately train, supervise, and discipline its officers regarding the appropriate use of force, de-escalation techniques, and the accommodation of individuals experiencing psychological crises, thereby contributing to the harm suffered by Plaintiffs. Plaintiffs reserve the right to supplement these allegations as additional facts become available through discovery.

## IV. Memory Gaps, Due Diligence, and Absence of Court Record

21. As a result of the traumatic incident and her subsequent psychological distress, Plaintiff Stephine Nelson Cruz has significant memory gaps regarding the events that occurred during and after her arrest and court proceedings in Texas. These memory lapses are consistent with her clinical diagnosis of Post-Traumatic Stress Disorder (PTSD), Major Depressive Disorder, and Generalized Anxiety Disorder (See **Exhibit C, Clinical Evaluation and Medical Records**), and further impaired her ability to understand, process, or participate meaningfully in the legal proceedings against her.

22. In an effort to understand what transpired and to verify whether she was afforded due process, Plaintiff Stephine Nelson Cruz made multiple formal requests to the Fort Bend County court reporter for a transcript or minutes of her plea hearing in Case No. 22-CCR-228123. The court reporter ultimately confirmed via email that no record or notes were made of the proceedings on May 9, 2023. Specifically, the court reporter stated: "I was NOT in CCL2 on May the 9th, 2023 when the plea was taken. That would

have been Sherri Johnson, who I believe has indicated that a record was not made of the proceedings." This correspondence confirms that there is no official record or transcript of Stephine's plea hearing, despite her diligent efforts to obtain one (See **Exhibit G-1, Email Conversation with Stenographer**).

23. The absence of any official record of the plea hearing, combined with Plaintiff's psychological state and memory gaps, raises serious concerns about whether she was competent to proceed, whether her rights were adequately protected, and whether she was afforded due process as required by law. Plaintiff's repeated, documented attempts to obtain the court record including direct requests to the court reporter have been unsuccessful, leaving her unable to reconstruct the events or understand the legal consequences of her case. These circumstances further support the application of the discovery rule and equitable tolling, as Plaintiff could not reasonably have discovered or acted upon her legal claims while her memory remained impaired and all official records and transcripts remained unavailable despite her diligent efforts.

24. Plaintiff's administrative efforts to obtain information were further supported by Co-Plaintiff, Hansel Rodriguez, who submitted multiple public records requests and formal complaints to state and county agencies on her behalf. The full chronology and results of these efforts are detailed in Section V, Post-Incident Conduct and Public Records Obstruction.

# V. Post-Incident Conduct and Public Records Obstruction

25. Following the incident, Plaintiffs undertook diligent efforts to obtain public records related to the stop, arrest, and subsequent investigation by submitting multiple requests under the Texas Public Information Act (TPIA) to the Rosenberg Police Department ("RPD").

26. On May 27, 2025 (PD-427-2025, submitted by Stephine Nelson Cruz) and June 18, 2025 (PD-509-2025, submitted by Hansel Rodriguez as authorized representative), Plaintiffs submitted public records requests seeking a comprehensive set of records, including all body-worn and dashcam footage, the complete CAD report, all incident and arrest reports, and disciplinary records for the involved officers (See **Exhibit H-1, TPIA Request PD-427-2025**; **Exhibit H-2, TPIA Request PD-509-2025**; **Exhibit K-3, Letter of Authorization**).

27. RPD responded to Request PD-427-2025 by asserting that the underlying criminal case was "still open" and therefore records could be withheld under Texas Government Code § 552.108(a)(1) (See **Exhibit H-3, RPD Response Letters**). This assertion was false. On June 10, 2025, Assistant District Attorney Mark LaForge had already confirmed in

writing that the case had been fully closed since May 9, 2023 (See **Exhibit K-4, Email from ADA Mark LaForge**). The RPD's misrepresentation was used as the basis for unlawfully withholding public records.

28. In response to Request PD-509-2025, RPD issued an invoice totaling $303.00, which included charges for body-worn camera footage, dash camera entries, and "personnel time," but did not acknowledge or include the majority of the materials explicitly requested. No records have been produced, and no less expensive alternative method of access was offered, as required by law (See **Exhibit H-4, RPD Invoice for Request PD-509-2025**).

29. The records unlawfully withheld include, but are not limited to: all body-worn camera footage, all dashcam footage, jail and booking surveillance video, the complete CAD report, all incident and arrest reports, metadata and audit trails, internal communications, and all disciplinary, complaint, and use-of-force records for the involved officers, as detailed in the requests (See **Exhibits H-1 and H-2**).

30. Plaintiffs submitted a formal complaint to the Office of the Attorney General of Texas via certified mail, which was delivered on July 16, 2025. This complaint included all supporting documentation, most critically the written confirmation from Assistant District Attorney Mark LaForge that the case was closed (See **Exhibit I-2, OAG Complaint Letter and Certified Mail Information**; see also **Exhibit K-4, Email from Assistant District Attorney Mark LaForge**). The OAG complaint details the chronology of requests, the City's misrepresentation, and the pattern of non-compliance. On October 9, 2025, the Office of the Attorney General, Open Records Division, sent an email to Chief Jonathan White of RPD regarding Plaintiffs' complaint (ID# OR-25-033377-IC) of overcharging and improper withholding of public information (See **Exhibit I-3, OAG Email to Chief White**). Despite this formal inquiry, Plaintiffs received no response from Chief White or RPD. The Office of the Attorney General's ruling (OR2025-026254, July 25, 2025) found that RPD failed to comply with statutory deadlines, resulting in a legal presumption that the requested information is public and must be released unless a compelling reason exists (See **Exhibit I-1, AG Ruling OR2025-026254**).

31. On November 7, 2025, Plaintiff Hansel Rodriguez sent a follow-up email to both the OAG and Chief White, reiterating the lack of response and requesting an update. This correspondence was also sent via certified mail and was delivered on November 18, 2025 (See **Exhibit I-4, Follow-up Email and Certified Mail Information**).

32. Plaintiffs further escalated the matter by submitting a formal complaint via certified mail to Fort Bend County District Attorney Brian Middleton, which was delivered on October 14, 2025. This submission included a notarized affidavit alleging willful violations of the TPIA by RPD (See **Exhibit J-1, Complaint to Fort Bend DA with Certified Mail Information**; see also **Exhibit J-2, Notarized Affidavit**). On November 10, 2025,

**Information**; see also **Exhibit J-2, Notarized Affidavit**). On November 10, 2025, Assistant District Attorney Valerie Turner confirmed receipt of this comprehensive submission (See **Exhibit J-3, Email Chain with Valerie Turner, ADA**).

33. On December 5, 2025, Assistant District Attorney Valerie Turner issued a letter concluding that the RPD had not violated the TPIA and closed the investigation (See **Exhibit J-4, Letter from ADA Turner**). Ms. Turner's conclusion is erroneous, as it is based on a superficial review that completely fails to address the central allegation of the complaint: that the RPD willfully misrepresented the status of the criminal case to the Office of the Attorney General to unlawfully withhold records. Plaintiffs responded to Ms. Turner's letter on December 6, 2025, detailing the deficiencies in her investigation and stating their intent to proceed with this federal action (See **Exhibit J-5, Response Letter to ADA Turner**).

34. Despite Plaintiffs' repeated and documented efforts including multiple digital and certified mail submissions to the RPD, a formal complaint to the Texas Attorney General, and a criminal complaint to the Fort Bend County District Attorney the Rosenberg Police Department has continued to withhold public records and has failed to comply with its statutory obligations under the Texas Public Information Act. This pattern of non-compliance, administrative avoidance, and willful misrepresentation has not only violated Plaintiffs' statutory rights but has also exacerbated their psychological distress and impeded their ability to seek timely legal redress.

# VI. Impact on Plaintiffs' Lives

35. Plaintiff Stephine Nelson Cruz experienced lasting psychological trauma, relocation, and profound disruption to her daily life as a direct and proximate result of Defendants' conduct.

36. Following the incident, Stephine Nelson Cruz abandoned all of her personal effects, household goods, and property out of terror, taking only the luggage she was able to travel with. She relocated abroad with her minor child to escape the psychological distress and instability caused by the arrest and subsequent events. Upon returning to the United States America, she resided with her parents in Philadelphia, Pennsylvania, and later moved to a shelter in the Bronx, New York (See **Exhibit K-1, BronxWorks Residency Confirmation**). She remains unable to drive due to ongoing psychological impairment and has resorted to homeschooling her daughter (See **Exhibit K-2, Khelani De Jesus Online School Enrollment Letter**).

37. The severity of this diagnosis is profound, resulting in a loss of independence, social isolation, and the need for continuous psychological treatment and support, as

documented in the clinical evaluation (See **Exhibit C, Clinical Evaluation and Medical Records**).

38. As a direct result of Defendants' conduct and the resulting psychological harm to Stephine Nelson Cruz, Plaintiff Hansel Rodriguez experienced substantial emotional and financial hardship. In support of Stephine during her psychological crisis and recovery, Hansel Rodriguez also left the country for a period of time, further disrupting his personal and professional life. This relocation, undertaken to provide care and support, compounded the emotional distress and logistical burdens he faced, and underscores the ongoing impact of Defendants' actions on his well-being.

39. Hansel Rodriguez assumed financial responsibility for Stephine Nelson Cruz and her daughter, covering daily living expenses, shelter costs, and transportation needs during periods of instability and relocation, both domestically and abroad. He served as Stephine's primary support throughout her psychological episodes and disability, assisting her in managing daily life and coping with the aftermath of the incident. Due to Stephine's inability to drive, Hansel took on the responsibility of driving her to appointments, errands, and daily activities.

40. While waiting for Stephine's release from jail, Hansel balanced work obligations and personal responsibilities, working remotely from the jail lobby under extremely stressful conditions, which disrupted his employment and financial stability. Hansel currently resides in a shelter alongside Stephine and her daughter, providing daily support as she copes with ongoing psychological impairment and triggers (See **Exhibit K-1, BronxWorks Residency Confirmation**).

41. Over the past several years, these circumstances have resulted in severe emotional distress, including persistent anxiety, psychological pain, and physical symptoms such as heart palpitations, as well as significant disruption to his own life and well-being. The cumulative effect of these responsibilities and stressors has imposed substantial emotional and economic burdens on Hansel Rodriguez, and has fundamentally altered the lives of both Plaintiffs.


## VII. Tolling and Discovery Rule Allegations

42. Plaintiff Stephine Nelson Cruz's claims are timely under the Texas discovery rule and the doctrine of equitable tolling. Although the traffic stop and arrest occurred on June 7, 2022, Plaintiff did not discover, and through reasonable diligence could not have discovered, the nature and causal connection of her psychological injuries until her formal diagnosis in 2025. Persistent symptoms, memory gaps, and functional impairments materially impaired Plaintiff's ability to recognize the legal significance of

her injuries and to pursue claims within the ordinary limitations period (See **Exhibit C, Clinical Evaluation and Medical Records**). Alternatively, equitable tolling applies to Plaintiff's claims due to these severe psychological impairments and resulting life disruptions.

43. Upon receiving her diagnosis in 2025, Plaintiff acted with reasonable diligence to seek legal redress, including making repeated efforts to obtain court records and public records to reconstruct the events surrounding her arrest and prosecution. Despite these efforts, Plaintiff was unable to obtain a court transcript or official record of her plea hearing (See **Exhibit G-1, Email Conversation with Stenographer**), and the Rosenberg Police Department's ongoing refusal to produce public records further prevented her from discovering the full extent of her legal claims and the facts necessary to pursue them (See **Exhibits H and I**).

44. As to Plaintiff Hansel Rodriguez, the emotional distress, financial hardship, and physical symptoms developed contemporaneously with the events following Stephine Nelson Cruz's arrest and his ongoing support role. Plaintiff Rodriguez recognized these injuries as they occurred and has pursued claims without undue delay.

45. The Supreme Court has held that equitable tolling is available where a litigant demonstrates both diligent pursuit of rights and that extraordinary circumstances beyond their control prevented timely filing, as articulated in *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016). The Fifth Circuit further clarifies that equitable tolling is applied sparingly and only in rare and exceptional circumstances, but recognizes its availability in civil rights contexts, provided the plaintiff meets the diligence and extraordinary circumstances requirements, as discussed in *Gomez v. Global Precision Sys.*, 636 F. Supp. 3d 746, 750-51 (W.D. Tex. 2022). Here, Plaintiff's severe psychological trauma, memory impairment (See **Exhibit C**), and the persistent refusal of public agencies to provide records (See **Exhibits H and I**) constitute extraordinary circumstances justifying tolling.

46. Plaintiffs reserve the right to supplement these allegations as additional facts or evidence regarding diligence, discovery, or agency obstruction become available through discovery.

# VIII. Permissive Joinder

47. Both Plaintiffs assert claims arising from the same transaction or occurrence namely, the June 7, 2022 traffic stop, arrest, subsequent prosecution, and related public records obstruction involving the Rosenberg Police Department and its officers.

48. The claims of both Plaintiffs share common questions of law and fact, including but not limited to: the conduct of the officers during the stop and arrest, the use of force, the handling of public records requests, and the resulting psychological, financial, and practical harm suffered by both Plaintiffs.

49. Permissive joinder is proper under Federal Rule of Civil Procedure 20 and its Texas counterpart, which allow multiple plaintiffs to join in one action if their claims arise out of the same transaction or occurrence and share common questions of law or fact. Joinder in this case promotes judicial economy, avoids duplicative litigation, and ensures consistent adjudication of overlapping factual and legal issues. Texas courts encourage broad joinder of parties in such circumstances, as explained in *Texas Instruments Inc. v. Citigroup Global Markets, Inc.*, 266 F.R.D. 143, 146-47 (N.D. Tex. 2010).

50. The Seventh Circuit has further emphasized that permissive joinder is at the option of the plaintiffs, provided the requirements of transactional relatedness and commonality are met, and that judicial economy and plaintiff autonomy are key considerations. See *Pace v. Timmermann's Ranch & Saddle Shop Inc.*, 795 F.3d 748, 754 (7th Cir. 2015).

51. The Supreme Court of Oklahoma has also recognized that joinder rules should be liberally construed to promote trial convenience and prevent multiple lawsuits, and that misjoinder is not grounds for dismissal but may be remedied by severance or dropping parties. See *A-Plus Janitorial & Carpet Cleaning v. Tewca*, 936 P.2d 916, 919 (Okla. 1997).

# IX. Pattern and Practice / Monell Allegations

52. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

53. Defendant City of Rosenberg is a municipal entity and, at all relevant times, was responsible for the policies, practices, supervision, training, and discipline of its police officers, including Defendants Christopher Delgado, John Delgado, L. Andrade, and Saul Hernandez.

54. The acts and omissions described above were not isolated incidents, but were undertaken pursuant to the customs, policies, or practices of the City of Rosenberg and its Police Department ("RPD"), including but not limited to: a. Use of excessive force in routine traffic stops; b. Failure to de-escalate encounters involving individuals in psychological crisis; c. Deliberate indifference to the medical and psychological needs of detainees; d. Failure to provide reasonable accommodation for disabilities; and e. A pattern of obstruction and misrepresentation in response to public records requests.

55. The City of Rosenberg, through its final policymakers, acted with deliberate indifference by failing to adequately train, supervise, and discipline its officers regarding the

appropriate use of force, de-escalation techniques, and the accommodation of individuals experiencing psychological distress or disability.

56. The City's pattern of non-compliance with the Texas Public Information Act including willful misrepresentation to the Office of the Attorney General and the unlawful withholding of public records is further evidenced by the Attorney General's ruling (OR2025-026254), which found that RPD failed to comply with statutory deadlines, resulting in a legal presumption that the requested information is public and must be released unless a compelling reason exists (See **Exhibit I-1, AG Ruling OR2025-026254**; see also generally **Exhibits H and I**).

57. These policies, customs, and practices were the moving force behind the violations of Plaintiffs' constitutional and statutory rights, including the use of excessive force, denial of reasonable accommodation, deprivation of due process, and obstruction of access to public records.

58. Plaintiffs reserve the right to supplement these allegations as additional facts become available through discovery.

# X. Causes of Action

59. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

## A. Claims of Plaintiff Stephine Nelson Cruz

60. **Unreasonable Seizure & Excessive Force (42 U.S.C. § 1983; Fourth Amendment) Against Individual Officers**
Defendants Christopher Delgado, John Delgado, L. Andrade, and Saul Hernandez, acting under color of state law, subjected Plaintiff Stephine Nelson Cruz to excessive and unreasonable force during the June 7, 2022 stop and detention. This included, but was not limited to, approaching with firearms drawn, issuing escalated and aggressive verbal commands, forcibly detaining and handcuffing Plaintiff, and failing to de-escalate the situation despite Plaintiff's immediate compliance, lack of resistance, and absence of any threat to officer safety. The officers' conduct was objectively unreasonable under the circumstances and resulted in severe psychological trauma and ongoing impairment for Plaintiff Stephine Nelson Cruz. This conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments to be free from unreasonable seizures and excessive force (See **Exhibits A and B**).

61. **Failure to Provide Reasonable Accommodation (Americans with Disabilities Act, 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act) Against City of Rosenberg**

Plaintiff Stephine Nelson Cruz suffers from diagnosed psychological disabilities, including Post-Traumatic Stress Disorder (PTSD), Major Depressive Disorder, and Generalized Anxiety Disorder, which were overt and apparent to the responding officers during the incident. Despite these clear indicators, Defendants failed to reasonably accommodate her disabilities and escalated the encounter, exacerbating her psychological crisis. The failure to provide reasonable accommodation for Plaintiff's disabilities, and the deliberate indifference to her emergent psychological needs, constitutes discrimination and denial of services in violation of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act (See **Exhibit C, Clinical Evaluation and Medical Records**).

62. **Due Process Violation (42 U.S.C. § 1983; Fourteenth Amendment) Against Individual Officers and City of Rosenberg**

Defendants deprived Plaintiff Stephine Nelson Cruz of her liberty and property without due process of law by arresting, jailing, and seizing her personal automobile without probable cause or lawful authority, and by failing to ensure that she was competent and able to participate meaningfully in the legal proceedings against her. The absence of a court record or transcript of her plea hearing further deprived her of the ability to challenge the proceedings or verify that her rights were protected (See **Exhibit F-1, Tow Inventory; Exhibit G-1, Email Conversation with Stenographer**).

63. **Negligence / Negligent Infliction of Emotional Distress (Texas Common Law) Against Individual Officers and City of Rosenberg**

Defendants owed Plaintiff a duty to exercise reasonable care in the execution of their law enforcement duties. Defendants breached this duty by employing excessive force, failing to de-escalate the encounter, and disregarding Plaintiff's medical and psychological needs. As a direct and proximate result, Plaintiff suffered severe psychological, emotional, and financial harm, including but not limited to PTSD, depression, anxiety, and substantial disruption to her daily life and well-being (See **Exhibits A, B, and C**).

64. **Violation of the Texas Public Information Act (Texas Government Code § 552.001 et seq.) Against City of Rosenberg**

Defendant City of Rosenberg, through its Records Division and responsible officials, willfully and unlawfully withheld public records, misrepresented the status of the underlying criminal case to the Office of the Attorney General, and failed to comply with statutory deadlines and requirements, as detailed in Section V. Plaintiffs seek all available remedies, including injunctive and declaratory relief, and attorney's fees and costs (See generally **Exhibits H, I, J, and K-4**).

**B. Claims of Plaintiff Hansel Rodriguez**

65. **Derivative Emotional Distress and Financial Harm (Texas Common Law) Against Individual Officers and City of Rosenberg**

Defendants' conduct toward Plaintiff Stephine Nelson Cruz including the use of

excessive force, failure to accommodate her psychological distress, and subsequent obstruction of public records directly and foreseeably caused Plaintiff Hansel Rodriguez to suffer substantial emotional distress and financial hardship. As Stephine's primary support, Hansel Rodriguez experienced persistent anxiety, psychological pain, and physical symptoms, as well as significant disruption to his own life and well-being. He assumed financial responsibility for Stephine and her daughter, incurred expenses related to relocation and daily care, and suffered loss of employment opportunities and housing stability. These damages are sought as a direct and proximate result of Defendants' actions and omissions, including the ongoing refusal to provide public records and the administrative burdens imposed on Hansel Rodriguez as Stephine's authorized representative (See generally **Exhibits H, I, J, and K**).

## C. Monell Claim Against the City of Rosenberg

66. The constitutional and statutory violations described above were the direct result of the policies, customs, and practices of the City of Rosenberg, as set forth in Section IX. The City's deliberate indifference to the need for proper training, supervision, and discipline, as well as its pattern of non-compliance with the Texas Public Information Act, were the moving force behind the injuries suffered by Plaintiffs (See **Exhibit I-1, AG Ruling OR2025-026254**).

67. Plaintiffs expressly reserve the right to assert additional causes of action as discovery progresses.

# XI. Damages

68. As a direct and proximate result of Defendants' actions and omissions, Plaintiffs have suffered and continue to suffer substantial damages, including but not limited to:

69. **For Plaintiff Stephine Nelson Cruz:** a. Severe psychological harm, including Post-Traumatic Stress Disorder (PTSD), Major Depressive Disorder, and Generalized Anxiety Disorder, as confirmed by clinical diagnosis and ongoing treatment (See **Exhibit C, Clinical Evaluation and Medical Records**). b. Loss of independence, inability to drive, and disruption of daily life, including the need to homeschool her minor child and reside in temporary or unstable housing (See **Exhibit K-1, BronxWorks Residency Confirmation; Exhibit K-2, Khelani De Jesus Online School Enrollment Letter**). c. Loss of personal property and household goods due to forced relocation and abandonment of her residence. d. Ongoing medical and psychological treatment

expenses. e. Emotional distress, pain, suffering, humiliation, and loss of enjoyment of life.

70. **For Plaintiff Hansel Rodriguez:** a. Substantial emotional distress, including persistent anxiety, psychological pain, and physical symptoms such as heart palpitations. b. Financial hardship, including loss of employment opportunities, disruption to work and daily life, and assumption of financial responsibility for Stephine Nelson Cruz and her daughter. c. Loss of housing stability and the need to reside in a shelter to provide support for Stephine and her daughter (See **Exhibit K-1, BronxWorks Residency Confirmation**). d. Disruption of personal and professional life, including the need to relocate abroad and provide daily care and support for Stephine during her psychological crisis and recovery.

71. Plaintiffs also seek all available statutory, compensatory, consequential, and punitive damages as permitted by law, including but not limited to: a. Compensatory damages for physical, psychological, and economic harm; b. Punitive damages for Defendants' willful, wanton, or reckless conduct; c. Statutory damages and attorney's fees for violations of the Texas Public Information Act; d. Pre- and post-judgment interest as allowed by law; and e. Any other relief the Court deems just and proper.

72. Plaintiffs reserve the right to seek additional damages as further harm or expenses are incurred and as additional facts become available through discovery.

# XII. Prayer for Relief

73. WHEREFORE, Plaintiffs Stephine Nelson Cruz and Hansel Rodriguez respectfully request that the Court enter judgment in their favor and against all Defendants, and award the following relief:

74. A declaration that Defendants' past and ongoing actions and omissions violated Plaintiffs' rights under the United States Constitution, the Americans with Disabilities Act, the Rehabilitation Act, the Texas Public Information Act, and Texas common law;

75. A specific declaration that the Rosenberg Police Department's policy, custom, or practice of misrepresenting the status of closed criminal cases to unlawfully withhold records under the TPIA is a violation of law;

76. Preliminary and permanent injunctive relief requiring Defendants, including the City of Rosenberg and its Police Department, to: i. Immediately produce all public records and information wrongfully withheld; ii. Cease and desist from further obstruction, misrepresentation, or delay in response to public records requests; iii. Implement specific, court-approved written policies and mandatory training on ADA compliance,

de-escalation techniques, and TPIA procedures; and iv. Submit to the oversight of a court-appointed monitor for a period of no less than two years to ensure compliance with the TPIA and the Court's orders;

77. An order requiring the expungement of all records related to the arrest and prosecution of Plaintiff Stephine Nelson Cruz in connection with Case No. 22-CCR-228123;

78. An order requiring the City of Rosenberg to issue a formal, public apology to Plaintiffs for the harm caused by the unconstitutional conduct of its officers and its subsequent obstruction of public records;

79. Compensatory damages in an amount to be determined at trial for physical, psychological, emotional, and economic harm suffered by Plaintiffs;

80. Consequential and special damages for financial losses, loss of property, and disruption to Plaintiffs' lives;

81. Nominal damages for the violation of Plaintiffs' fundamental constitutional rights;

82. Punitive damages against the individual Defendants for their willful, wanton, or reckless conduct, as permitted by law;

83. Statutory damages, costs, and any reasonable attorney's fees incurred for violations of the Texas Public Information Act, 42 U.S.C. § 1983, the Americans with Disabilities Act, and any other applicable statutes;

84. Pre- and post-judgment interest as allowed by law; and

85. Such other and further relief as the Court deems just, equitable, and proper.

# XIII. Jury Demand

86. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs Stephine Nelson Cruz and Hansel Rodriguez hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

Stephine Nelson Cruz, With explicit Reservation of All Rights, Without Prejudice, Non-Domiciled, Non-Resident, Non-Person, without the United States 28 USC 1746 (1) UCC 1-308 / / Non Combatant,

c/o 2495 Sedgwick Ave, Apt 521
Bronx, NY [10468]
Stephine.cruz13@icloud.com / (929)226-7059

Hansel Rodriguez, With explicit Reservation of All Rights, Without Prejudice, Non-Domiciled,
Non-Resident, without the United States 28 USC 1746 (1) UCC 1-308 / / Non Combatant,

c/o 2495 Sedgwick Ave, Apt 521
Bronx, NY [10468]
H.lizdocuments@gmail.com / (929)226-7059

**Certified Mail Number: 9589 0710 5270 3272 5269 61**

**Return Receipt Number: 9590 9402 9461 5069 9525 96**

## Notary

State of New York
County of Bronx
On the  9  day of  12  , 2025, before me, the undersigned, personally appeared Stephine
Nelson Cruz and Hansel Rodriguez, personally known to me or proved to me on the basis of
satisfactory evidence to be the individuals whose names are subscribed to this instrument, and
acknowledged to me that they executed the same in their capacities, and that by their signatures
on the instrument, the individuals executed the instrument.
IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Notary Public, State of New York
My Commission Expires: 10 - 02 - 2028

United States Courts
Southern District of Texas
F I L E D

# Letter to the Clerk of Court

DEC 1 7 2025

Nathan Ochsner, Clerk of Court

Hansel Rodriguez and Stephine Nelson Cruz, % 2495 Sedgwick ave Apt 521, Bronx, NY [10468] H.lizdocuments@gmail.com

Date: 12|10|25

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Clerk of Court United States District Court Southern District of Texas Bob Casey United States Courthouse 515 Rusk Avenue Houston, TX 77002

**Re: Filing of New Civil Action and Application to Proceed In Forma Pauperis** *Stephine Nelson Cruz and Hansel Rodriguez v. City of Rosenberg, et al.*

Dear Clerk of Court Nathan Ochsner,

Enclosed for filing, please find the original and one (1) complete copy of the initial pleadings for a new civil action. The documents included are as follows:

1. **Civil Complaint** for Violations of Civil Rights, the Americans with Disabilities Act, and the Texas Public Information Act;
2. **Civil Cover Sheet** (Form JS 44);
3. **Application to Proceed in District Court Without Prepaying Fees or Costs** (Form AO 239) for Plaintiff Stephine Nelson Cruz;
4. **Application to Proceed in District Court Without Prepaying Fees or Costs** (Form AO 239) for Plaintiff Hansel Rodriguez; and
5. Five (5) prepared **Summonses** (Form AO 440) for each of the named Defendants.
6. Exhibit Index, and Exhibits

Please file the original documents with the Court.

I respectfully request that you conform the enclosed copy of the Complaint by stamping it with the date of filing and the newly assigned case number. Please return the conformed copy to me in the self-addressed, stamped envelope that has been provided for your convenience.

Thank you for your time and assistance in this important matter.

Respectfully submitted,

_____ **Hansel Rodriguez,** *Sui Juris*

_____ **Stephine Nelson Cruz,** *Sui Juris*