UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUN 05 2026

Nathan Ochsner, Clerk of Court

Stephine Nelson Cruz, et al.,

*Plaintiffs*,

v.

City of Rosenberg, et al.,

*Defendants*.

Civil Action Number
4:25-cv-06097

JUDGE CHARLES ESKRIDGE

## PLAINTIFFS' MOTION TO ALTER OR AMEND FINAL JUDGMENT AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiffs Stephine Nelson Cruz and Hansel Rodriguez respectfully move under Federal Rule of Civil Procedure 59(e) to alter or amend the Final Judgment entered on May 4, 2026, and request leave to file a First Amended Complaint.

On May 4, 2026, the Court entered an Order adopting the Memorandum and Recommendation, overruling Plaintiffs' objections, dismissing Plaintiff Cruz's Texas Public Information Act claim without prejudice, and dismissing all other claims by both Plaintiffs with prejudice. The Court also concluded that leave to amend would be futile because the relevant statute of limitations had lapsed for all claims except the TPIA claim. (Dkt. 9 at 2–3.)

Plaintiffs do not seek to disturb the dismissal of the TPIA claim without prejudice. Plaintiffs seek relief only from the with-prejudice dismissal of the non-TPIA claims and from the denial of leave to amend.

This motion is timely. Final Judgment was entered on May 4, 2026. Rule 59(e) requires a motion to alter or amend judgment to be filed no later than 28 days after entry of judgment. A timely Rule 59(e) motion also affects appellate timing because the time to appeal runs from the order disposing of that motion. See Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(a)(4)(A)(v); *Reagan National Advertising of Austin, Inc. v. City of Austin*, 498 S.W.3d 236, 245–46 (Tex. App. 2016).

Plaintiffs respectfully submit that the Court should alter or amend the judgment because the futility finding was premature. The Court resolved limitations, tolling, discovery-rule, diligence, impairment, and delayed-discovery issues at the screening stage before Plaintiffs were given one opportunity to amend their original pro se Complaint.

## ARGUMENT

### I. THE FUTILITY FINDING WAS PREMATURE BECAUSE PLAINTIFFS CAN PLEAD ADDITIONAL FACTS RELEVANT TO TOLLING, DISCOVERY, AND DILIGENCE.

The Court adopted the M&R's conclusion that Plaintiff Cruz's federal and state common-law claims accrued on June 7, 2022, the date of the traffic stop and arrest, and that the two-year statute of limitations barred those claims. (Dkt. 7 at 9–16; Dkt. 9 at 2.)

Plaintiffs respectfully contend that amendment would not be futile because a First Amended Complaint can plead additional facts showing why Plaintiff Cruz's injuries, diagnosis,

impairment, delayed discovery, and records-obstruction allegations require a more developed record before limitations is decided with prejudice.

The M&R recognized that Plaintiff Cruz was later diagnosed with PTSD, major depressive disorder, and generalized anxiety disorder. (Dkt. 7 at 2.) The M&R also recognized that Plaintiff Cruz alleged that her memory of the events surrounding her arrest and subsequent proceedings was significantly impaired by psychological trauma. (Dkt. 7 at 2.)

A First Amended Complaint would plead with greater specificity that the legally significant injury was not merely immediate distress at the scene, but later-diagnosed, chronic, disabling psychiatric injury whose nature, permanence, functional effect, and causal connection were not reasonably understood until later clinical evaluation.

Under Texas law, the discovery rule may defer accrual where the nature of the injury is inherently undiscoverable and the evidence of injury is objectively verifiable. *Childs v. Haussecker*, 974 S.W.2d 31, 36–37, 40 (Tex. 1998). Plaintiffs respectfully contend that Ms. Cruz's PTSD, major depressive disorder, generalized anxiety disorder, memory impairment, and delayed clinical verification are the types of facts that should be pleaded and evaluated before the claims are dismissed with prejudice as futile.

Plaintiffs do not ask the Court to decide tolling in their favor at this stage. Plaintiffs ask only that the Court alter or amend the judgment so Plaintiffs may plead the relevant facts in a First Amended Complaint.

## II. THE COURT SHOULD PERMIT AMENDMENT BECAUSE DILIGENCE AND TOLLING ARE FACT-INTENSIVE ISSUES.

The M&R concluded that Plaintiff Cruz did not exercise adequate diligence because Plaintiffs did not begin requesting records until 2025. (Dkt. 7 at 16.) Plaintiffs respectfully submit that this conclusion should not support a with-prejudice dismissal without leave to amend.

A First Amended Complaint would plead a fuller chronology regarding:

1. Plaintiff Cruz's trauma, functional impairment, and memory impairment;

2. The timing of her diagnosis and treatment;

3. Her homelessness or instability;

4. The timing and content of Plaintiffs' records requests;

5. RPD's alleged withholding of records;

6. RPD's alleged misrepresentation that the criminal case remained open;

7. Plaintiffs' communications with the Texas Attorney General; and

8. Plaintiffs' later complaint to the Fort Bend County District Attorney's Public Integrity Division.

The M&R recognized that Plaintiffs made several attempts beginning in 2025 to obtain records related to the arrest and ensuing court proceedings, and that Plaintiffs lodged a complaint with the Texas Office of the Attorney General after those efforts proved unsuccessful. (Dkt. 7 at 3.)

Those facts bear directly on diligence, delayed discovery, obstruction, and whether amendment would be futile. Plaintiffs respectfully submit that the Court should permit one amended pleading before permanently foreclosing the non-TPIA claims.

## III. THE TPIA CLAIM MAY REMAIN DISMISSED WITHOUT PREJUDICE, BUT THE TPIA-RELATED FACTS REMAIN RELEVANT TO THE NON-TPIA CLAIMS.

Plaintiffs do not seek to reinstate the TPIA claim as a standalone federal claim in this motion. The Court dismissed that claim without prejudice. (Dkt. 9 at 3.)

Plaintiffs respectfully request only that the Court recognize that the TPIA-related facts remain relevant to the non-TPIA claims. Those facts include Plaintiffs' efforts to obtain records, the alleged withholding of records, the alleged misrepresentation of the criminal case status, and Plaintiffs' efforts before the Texas Attorney General.

Those facts are relevant to tolling, diligence, delayed discovery, obstruction, access-to-courts issues, and the factual context for any amended civil-rights allegations. Plaintiffs therefore request that, if leave to amend is granted, the Court permit Plaintiffs to plead those facts as background and as support for non-TPIA theories.

## IV. THE JUDGMENT SHOULD BE ALTERED TO PERMIT AMENDMENT OF RODRIGUEZ'S CLAIMS.

The Court adopted the M&R's conclusion that Plaintiff Rodriguez's claims were derivative and failed under Texas law. (Dkt. 7 at 16–18; Dkt. 9 at 2.) The M&R also noted that the Complaint did not explain Rodriguez's relationship with Cruz and did not allege that he was present at the traffic stop. (Dkt. 7 at 16–18.)

Plaintiffs respectfully submit that those are curable pleading issues. A First Amended Complaint can plead additional facts regarding Rodriguez's domestic-partner relationship with Cruz, his caregiving role, his relocation, his financial support, his direct economic losses, his direct emotional and physical symptoms, and the family-unit impact of the events and aftermath.

Plaintiffs acknowledge that Texas does not recognize negligent infliction of emotional distress as an independent tort and that mental-anguish damages must be tied to the breach of some other legal duty. See *Boyles v. Kerr*, 855 S.W.2d 593, 594, 597 (Tex. 1993). Plaintiffs do not ask the Court to recognize a standalone negligent-infliction claim.

Instead, Plaintiffs request leave to amend so Rodriguez may plead, if legally supportable, a direct-duty and direct-harm theory consistent with Texas law. At minimum, the dismissal of Rodriguez's claims should be modified to be without prejudice rather than with prejudice.

## V. ALTERING THE JUDGMENT IS NECESSARY TO PREVENT MANIFEST INJUSTICE.

Plaintiffs are pro se litigants who filed one original Complaint. The Court dismissed the non-TPIA claims with prejudice at the § 1915(e)(2)(B) screening stage without permitting one amended complaint.

Plaintiffs respectfully submit that justice requires one opportunity to amend because the defects identified by the Court concern facts that can be pleaded more specifically: diagnosis, impairment, memory issues, delayed discovery, diligence, records obstruction, Rodriguez's relationship to Cruz, and Rodriguez's direct injuries.

Plaintiffs do not seek delay. Plaintiffs seek one opportunity to plead their best facts before the non-TPIA claims are permanently dismissed with prejudice.

Alternatively, if the Court concludes that it cannot grant leave to amend without reviewing a proposed amended pleading, Plaintiffs respectfully request leave to supplement this motion within fourteen days with a proposed First Amended Complaint. Plaintiffs are prepared to plead additional facts regarding Plaintiff Cruz's diagnosis, impairment, delayed discovery, diligence,

records obstruction, and Plaintiff Rodriguez's direct injuries and relationship to Plaintiff Cruz. Plaintiffs make this request to ensure that the Court has the fullest possible basis to determine whether amendment would be futile.

## CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. GRANT this Motion to Alter or Amend Final Judgment and for Leave to File First Amended Complaint;

2. ALTER OR AMEND the May 4, 2026 Final Judgment;

3. VACATE OR MODIFY the portion of the May 4, 2026 Order and Final Judgment dismissing Plaintiffs' non-TPIA federal and state common-law claims with prejudice;

4. REOPEN this case for the limited purpose of permitting Plaintiffs to file a First Amended Complaint within 30 days;

5. In the alternative, MODIFY the Final Judgment so that Plaintiffs' non-TPIA claims are dismissed without prejudice rather than with prejudice;

6. LEAVE UNDISTURBED the dismissal of Plaintiff Cruz's TPIA claim without prejudice; and

7. Grant such other and further relief as the Court deems just and proper.

Dated: May 15, 2026

Respectfully submitted,

By: _____

Stephine Nelson Cruz
Plaintiff, Pro Se
℅ 2495 Sedgwick Ave, Apt 521
Bronx, NY  [10468]
scc.booked@gmail.com

By: _____
Hansel Rodriguez
Plaintiff, Pro Se,
℅ 2495 Sedgwick Ave, Apt 521
Bronx, NY  [10468]
H.lizdocuments@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 15. 2026, I placed a true and correct copy of the foregoing

Plaintiffs' Motion to Alter or Amend Final Judgment and for Leave to File First Amended

Complaint via certified mail 9589 0710 5270 2561 4236 77 & Return Receipt 9590 9402 9605

5121 9014 34 in the U.S. Mail, first-class postage prepaid, addressed to:

Clerk of Court

United States District Court

Southern District of Texas, Houston Division

P.O. Box 61010

Houston, TX 77208-1010

As no defendant has yet appeared in this action, no further service is presently required.

By: _____
Hansel Rodriguez
Plaintiff, Pro Se