United States Courts
Southern District of Texas
FILED

JUL 23 2026

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

-------------------------------------------------------X

STEPHINE NELSON CRUZ, HANSEL L. RODRIGUEZ,

        Plaintiffs,

against -

CITY OF ROSENBERG, et al,

        Defendant.

-------------------------------------------------------X

CIVIL ACTION NUMBER
4:25-cv-06097

JUDGE CHARLES ESKRIDGE

PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE HO'S MEMORANDUM AND
RECOMMENDATION (Dkt. 12)

## *I. Introduction*

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), Plaintiffs Stephine
Nelson Cruz and Hansel Rodriguez submit these objections to Magistrate Judge Ho's
Memorandum and Recommendation entered on June 18, 2026, which recommends denial of
Plaintiffs' Rule 59(e) motion to alter or amend the final judgment. (Dkt. 12 at 1, 4; Dkt. 11.)

Dkt. 12 states that Plaintiffs' Rule 59(e) motion "merely reprises" prior arguments, that
rehashing those arguments provides no basis for relief, and that Cruz's claims accrued during the
June 7, 2022 traffic stop as a matter of law. (Dkt. 12 at 2–3.)

Plaintiffs respectfully object because Dkt. 12 overlooks material parts of Dkt. 11. Dkt. 11 did not
only revisit accrual; it also sought post-judgment leave to amend, expressly requested leave to
supplement with a proposed First Amended Complaint if the Court wished to review one before
deciding futility, and raised a separate request regarding Plaintiff Rodriguez's claims. (Dkt. 11 at
1–7.)

## *II. Relevant Procedural Background*

On May 4, 2026, the Court entered Dkt. 9, overruled Plaintiffs' objections to Dkt. 7, dismissed
Cruz's TPIA claim without prejudice, dismissed all other claims with prejudice, and stated that a
final judgment would enter separately. (Dkt. 9 at 2–3.)

1

On the same date, Dkt. 10 entered final judgment, dismissed the action on the terms stated in Dkt. 9, directed the Clerk to close the case, and stated that it was a final judgment. (Dkt. 10 at 1.)

Dkt. 11 was filed by both Plaintiffs, sought Rule 59(e) relief from the May 4, 2026 final judgment, requested leave to file a First Amended Complaint, and stated that Plaintiffs did not seek to disturb the dismissal of the TPIA claim without prejudice. (Dkt. 11 at 1–2.)

Dkt. 11 also expressly requested, in the alternative, leave to supplement the motion within fourteen days with a proposed First Amended Complaint if the Court concluded that it needed to review a proposed amended pleading before deciding futility. (Dkt. 11 at 6–7.)

Dkt. 12 nevertheless frames the filing as "Plaintiff" Cruz's motion, focuses on Cruz's limitations arguments, and recommends that "Plaintiff Stephine Nelson Cruz's motion to alter or amend the final judgment (Dkt. 11) be DENIED." (Dkt. 12 at 1, 3–4.)

### III. Standard of Review

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure 72(b). (Dkt. 12 at 4.)

Dkt. 12 states that failure to file timely objections will preclude appellate review of factual findings and legal conclusions except for plain error, citing *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015). (Dkt. 12 at 4.)

### IV. Specific Objections

**A. Dkt. 12 incorrectly characterizes Dkt. 11 as mere re-argument.**

Dkt. 12 states that Cruz "merely reprises prior contentions" and compares Dkt. 11 to Dkt. 8 on the discovery-rule and diligence issues. (Dkt. 12 at 2.)

But Dkt. 11 was a post-judgment motion directed at the May 4, 2026 final judgment and the Court's futility ruling, not simply a repetition of pre-judgment objections. (Dkt. 11 at 1–3.)

Dkt. 11 specifically argued that the Court resolved limitations, tolling, discovery-rule, diligence, impairment, and delayed-discovery issues before Plaintiffs were given one opportunity to amend their original pro se Complaint. (Dkt. 11 at 2.)

That is a different procedural request. Plaintiffs were asking the Court to reconsider a final with-prejudice judgment and to permit one amended pleading before futility became permanent.

**B. Dkt. 12 does not address Plaintiffs' alternative request to supplement with a proposed amended complaint.**

2

Dkt. 11 expressly requested leave to supplement within fourteen days with a proposed First Amended Complaint if the Court concluded that it could not grant leave to amend without reviewing a proposed amended pleading. (Dkt. 11 at 6–7.)

Dkt. 12 does not address that request. Instead, it moves directly from its view of accrual to the conclusion that "the deficiency cannot be rectified by amendment." (Dkt. 12 at 3.)

Even if the Court remains unpersuaded that Dkt. 11 warranted full Rule 59(e) relief on the existing papers, Dkt. 12 does not explain why Plaintiffs should be denied the narrower alternative of submitting the proposed amended pleading that Dkt. 11 expressly offered.

At minimum, the District Court should reject the recommendation to deny Dkt. 11 outright and instead permit Plaintiffs to file a proposed First Amended Complaint for futility review.

### C. Dkt. 12 overlooks Rodriguez's separate request for relief.

Dkt. 11 was filed by "Plaintiffs Stephine Nelson Cruz and Hansel Rodriguez," not by Cruz alone. (Dkt. 11 at 1.)

Dkt. 11 included a separate section titled "The Judgment Should Be Altered to Permit Amendment of Rodriguez's Claims," argued that those pleading issues were curable, and requested leave to amend so Rodriguez could plead a direct-duty and direct-harm theory if legally supportable. (Dkt. 11 at 5–6.)

Dkt. 12 nevertheless describes Dkt. 11 as filed by "Plaintiff," analyzes only Cruz's limitations issue, and recommends denial only of "Plaintiff Stephine Nelson Cruz's motion." (Dkt. 12 at 1, 3–4.)

That omission matters. Dkt. 9 dismissed Rodriguez's claims with prejudice after characterizing them as "derivative emotional distress and financial harm" and concluding that leave to amend would be futile because limitations had lapsed for all claims except the TPIA claim. (Dkt. 9 at 2–3.)

Dkt. 11 directly challenged that futility conclusion as applied to Rodriguez and sought leave to plead additional facts regarding his relationship with Cruz, caregiving role, relocation, financial support, direct economic losses, direct emotional and physical symptoms, and the family-unit impact of the events and aftermath. (Dkt. 11 at 5–6.)

Because Dkt. 12 does not meaningfully address that separate request, the recommendation should not be adopted as written.

### D. Dkt. 12's merits discussion does not eliminate the narrower relief requested in Dkt. 11.

Dkt. 12 relies on *Doe v. St. Stephen's Episcopal Sc.*, 382 F. App'x 386, 388–89 (5th Cir. 2010), and *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 815 (Tex.

2021), for the proposition that a legally actionable injury accrued during the traffic stop even if Cruz did not yet understand later psychological injuries or the full extent of damages. (Dkt. 12 at 3.)

But Dkt. 11 also relied on *Childs v. Haussecker*, 974 S.W.2d 31, 36–37, 40 (Tex. 1998), and argued that a First Amended Complaint could plead additional facts bearing on diagnosis, impairment, delayed discovery, and diligence before limitations was made permanently dispositive. (Dkt. 11 at 2–4.)

In *Childs v. Haussecker*, 974 S.W.2d 31, 39–40 (Tex. 1998), the Texas Supreme Court recognized that in latent-injury cases, accrual may be tolled until the claimant discovers or should discover the injury and that it was likely caused by another's wrongful acts.

In *Childs v. Haussecker*, 974 S.W.2d 31 (Tex. 1998), the Texas Supreme Court held that reasonable minds could differ about when the plaintiff knew or should have known of the likely causal connection between his symptoms and occupational exposure, making judgment as a matter of law improper on that limitations record.

Plaintiffs recognize that the Court may ultimately reject their discovery-rule argument. But Dkt. 11 asked for a narrower procedural remedy: one opportunity to plead additional facts, or alternatively to submit a proposed amended complaint for futility review. (Dkt. 11 at 6–7.)

Dkt. 12's conclusion that amendment would be futile does not meaningfully address that narrower request.

### E. The Court should preserve Plaintiffs' ability to seek appellate review by addressing each objection specifically.

Dkt. 12 warns that failure to object may preclude appellate review of factual findings and legal conclusions except for plain error. (Dkt. 12 at 4.)

Plaintiffs therefore specifically object to:

1. the characterization of Dkt. 11 as mere re-argument;
2. the failure to address Plaintiffs' request to supplement with a proposed amended complaint;
3. the failure to address Rodriguez's separate amendment request;
4. the conclusion that amendment would necessarily be futile; and
5. the recommendation that Dkt. 11 be denied outright.

## *V. Conclusion and Prayer for Relief*

For the foregoing reasons, Plaintiffs respectfully request that the Court:

4

1. sustain these objections and decline to adopt Dkt. 12;
2. grant Dkt. 11 and alter or amend the May 4, 2026 final judgment;
3. reopen the case for the limited purpose of permitting Plaintiffs to file a First Amended Complaint;
4. alternatively, permit Plaintiffs to supplement Dkt. 11 within fourteen days with a proposed First Amended Complaint for the Court's futility review;
5. alternatively, address Rodriguez's separate request for post-judgment amendment on its own terms rather than through a recommendation framed only as to Cruz; and
6. grant such other and further relief as the Court deems just and proper.

Plaintiffs recognize that Dkt. 12 relies on *Doe v. St. Stephen's Episcopal Sc.*, 382 F. App'x 386, 388–89 (5th Cir. 2010), and *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 815 (Tex. 2021), but Plaintiffs object that those authorities do not answer the narrower post-judgment question presented by Dkt. 11: whether Plaintiffs should be allowed to submit a proposed amended complaint before the Court permanently concludes that amendment is futile. Dkt. 11 expressly offered to supplement with a proposed First Amended Complaint within fourteen days if the Court wanted to review one before deciding futility.

Dated: June 29, 2026

Respectfully submitted,

By: _____

**Stephine Nelson Cruz**
Plaintiff, Pro Se
℅ 2495 Sedgwick Ave, Apt 521
Bronx, New York [10468]
scc.booked@gmail.com

By: _____

**Hansel Rodriguez**
Plaintiff, Pro Se
℅ 2495 Sedgwick Ave, Apt 521
Bronx, New York [10468]
H.lizdocuments@gmail.com
(929) 226-7059

5

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, I placed a true and correct copy of the foregoing Plaintiffs' Objections to Magistrate Judge Ho's Memorandum and Recommendation (Dkt. 12) in the U.S. Mail, first-class postage prepaid, addressed to:

Clerk of Court
United States District Court
Southern District of Texas, Houston Division
P.O. Box 61010
Houston, TX 77208-1010

As no defendant has yet appeared in this action, no further service is presently required.

By: _____

Hansel Rodriguez
Plaintiff, Pro Se
℅ 2495 Sedgwick Ave, Apt 521
Bronx, New York [10468]
H.lizdocuments@gmail.com
(929) 226-7059

Hansel Rodriguez
c/o 2495 Sedgwick Ave, APT 521
Bronx, New York
10468



To: Clerk of Court, U.S.D.C.
Southern District of texas ATTN: Houston Division

P.O. Box 61010

Houston, TX 77208-1010

**United States Courts**
**Southern District of Texas**
**FILED**

**JUL 23 2026**

Nathan Ochsner, Clerk of Court

9589 0710 5270 2635 2067 62

CERTIFIED MAIL

| F | US POSTAGE IMI 990460629184202  2000391788 |
|---|---|
| | $10.77 |
| | SSK |
| | FCM |
| | 08/29/26   Mailed from 10463   028W2312154 |

## USPS FIRST-CLASS MAIL®

HANSEL RODRIGUEZ
APT 521
2495 SEDGWICK AVE
BRONX NY 10468-3855

1.70 oz

**RDC 99**

RETURN RECEIPT REQUESTED

B050

SHIP
TO:

CLERK COURT  SOUTHERN TEXAS
HOUSTON DIVISON
PO BOX 61010
HOUSTON TX 77208-1010

### USPS CERTIFIED MAIL®

9514 7069 3421 6180 1540 31