United States District Court
Southern District of Texas
**ENTERED**
October 26, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| STEPHINE NELSON CRUZ and HANSEL RODRIGUEZ, Plaintiffs, | § | CIVIL ACTION NUMBER 4:25-cv-06097 |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| CITY OF ROSENBERG, *et al*, Defendants. | § | |

# ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Plaintiffs Stephine Nelson Cruz and Hansel Rodriguez proceed here *pro se*. Cruz brings claims for various violations of her civil rights under 42 USC §1983, the Fourth Amendment, the Americans with Disabilities Act, the Rehabilitation Act, the Fourteenth Amendment, and the Texas Public Information Act. See Dkt 1 at ¶¶60–62, 64. She also brings a Texas common law claim for "negligence/negligent infliction of emotional distress." Id at ¶63. Rodriguez brings common law claims for "derivative emotional distress and financial harm." Id at ¶65.

The matter was referred for disposition to Magistrate Judge Yvonne Ho. Dkt 5. Prior order adopted the Memorandum and Recommendation of Magistrate Judge Yvonne Ho that recommended dismissal of all claims. Dkt 9. Final judgment was entered. Dkt 10.

Plaintiffs filed a motion to alter or amend the judgment and for leave to file an amended complaint. Dkt 11.

Pending is Memorandum and Recommendation by Magistrate Judge Yvonne Ho, recommending that the motion be denied. Dkt 12.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there is no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

Plaintiffs filed objections. Dkt 13. They contend that the Magistrate Judge erred by characterizing their motion as re-argument and by failing to adequately address their motion for leave to file an amended complaint. Dkt 13. They acknowledge that the recommendation does address their motion to file an amended complaint. Id at 3. But they contend that by referring to "Plaintiff" rather than "Plaintiffs" that the finding of futility didn't apply to the claims of Rodriguez. Ibid.

On *de novo* review and determination, the objections lack merit. The Magistrate Judge correctly determined that settled law forecloses Cruz's claims as time barred. Dkt 12 at 3. Consistent with state law, she found that a negligence claim accrues before the full extent of injury has been experienced. Ibid, quoting *Regency Field Services LLC v Swift Energy Operating LLC*, 622 SW3d 807, 815 (Tex 2021). She thus concluded that there was no basis to toll limitations. Dkt 12 at 3. And Rodriguez cannot proceed on the derivative claim because Cruz's negligence claim is barred by limitations. Ibid. It is thus correct to conclude that amendment would be futile as to both Plaintiffs. Ibid.

The objections by Plaintiffs to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 13.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 12.

The motion to alter or amend final judgment and for leave to file an amended complaint is DENIED. Dkt 11.

SO ORDERED.

Signed on October 26, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge